**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIE JAMES GRIFFIN, JR., | : | |
| | : | Civil Action No. 03-1032 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| C.J. DeROSA, Warden, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
Willie James Griffin, Jr.
#04667-017
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

Counsel for Respondent
Dorothy J. Donnelly
Assistant U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608

**KUGLER**, District Judge

Petitioner Willie James Griffin, Jr., a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] challenging the results of a

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:
 (a) Writs of habeas corpus may be granted by
 the ... district courts ... within their
 respective jurisdictions ...
 (c) The writ of habeas corpus shall not
 extend to a prisoner unless- ... (3) He is in
 custody in violation of the Constitution or
 laws or treaties of the United States ... .

prison disciplinary proceeding.  The sole respondent is Warden C.J. DeRosa.

For the reasons set forth below, the Petition will be denied.

## I.   BACKGROUND

Petitioner was convicted in the U.S. District Court for the Northern District of Florida of conspiracy to possess with intent to distribute cocaine and cocaine base.  He was sentenced to a term of imprisonment of 252 months, to be followed by ten years of supervised release.  He currently is confined at the Federal Correctional Institution at Fort Dix, New Jersey, pursuant to that sentence.

On August 16, 2002, Petitioner dialed a telephone number and spoke with a female, later identified as his sister.  He asked where whether she had the telephone number for his niece.  When his sister said she did not know the number by heart, Petitioner asked whether she had three-way calling.  She responded that she did and asked whether she could make a call on the other line to retrieve the niece's telephone number.  Petitioner said that she could, but that she had to do the talking.  Petitioner's sister dialed another number, that number rang, she clicked over, and returned shortly thereafter and gave him the telephone number.  Petitioner did not speak to the third party nor could he hear that conversation.

Upon routine review of the taped telephone call, prison staff issued an incident report charging Petitioner with a violation of Code 297, use of the telephone for abuses other than criminal activity (e.g., third-party calling, conference calling), a "High Category" prohibited act.  See 28 C.F.R. § 541.13 Prohibited acts and disciplinary severity scale.  On August 17, 2002, staff provided Petitioner with a copy of the incident report.

The Unit Disciplinary Committee ("UDC") reviewed the incident report on August 19, 2002.  Petitioner asserted that he was merely put on hold and couldn't even hear the conversation on the other line, let alone speak to a third party.  Because a Code 297 is a High Category prohibited act, and the sanctions applicable to such misconduct exceeded the UDC's authority, the UDC referred the incident report to the Discipline Hearing Officer ("DHO") for further consideration.

On August 19, 2002, Petitioner was advised of his rights by the DHO, at which point he requested no witnesses but asked for a staff representative.  Petitioner's DHO hearing took place on September 5, 2002.  His requested staff representative, Mr. Writtenhour, was not available.  Petitioner elected to proceed with the hearing without the assistance of Mr. Writtenhour or a new staff representative.  Petitioner restated that he did have his sister use three-way calling to call a third party, but he never heard the call nor talked to the third party, believing

that as long as he did neither he was not in violation of any rule. He also submitted an evidentiary defense in the form of a greeting card from his mother and a legal-sized sheet of paper with writing on both sides expressing his defense once again.

Based on the incident report, Petitioner's admission that he asked his sister to make a third-party call while he remained on the line, and the tape recording of the call that the DHO listened to at the hearing, the DHO concluded that Petitioner had violated prison regulations. However, the DHO found that Petitioner had actually committed the prohibited act of Code 397, use of the telephone for abuses other than criminal activity (e.g., three-way calling, conference calling), a less severe "Moderate Category" prohibited act, subjecting Petitioner to lesser sanctions. The DHO sanctioned Petitioner to loss of 13 days good conduct time, 15 days of disciplinary segregation, and loss of various other privileges. The DHO noted that these severe sanctions were necessary because of the seriousness of Petitioner's misconduct and the ineffectiveness of prior sanctions in modifying his behavior. The DHO provided Petitioner a copy of his report on October 2, 2002.

Petitioner's administrative appeals of the DHO's findings were denied. Having exhausted his administrative remedies, Petitioner submitted this § 2241 Petition for writ of habeas corpus.

Here, Petitioner contends that prison staff charged him first with a "High Category" offense in order to manipulate the disciplinary hearing process by forcing prisoners charged with such offenses to spend time in administrative detention while they await their hearings, by removing the hearing from the UDC to the DHO, and to obtain leverage in persuading prisoners to waive their right to a staff representative who may be unavailable in order to avoid remaining in administrative detention while awaiting a hearing.  In addition, Petitioner contends that the DHO abused his discretion in finding that Petitioner violating Code 397.  Petitioner claims that he did not make a three-way call in violation of Code 397 because he never spoke to the third party on the other line.  Petitioner does not specify the relief he seeks.

## II.  LEGAL STANDARD

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified."  See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle

v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

A.  Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  As Petitioner challenges a disciplinary proceeding that resulted in the loss of good time credits, this Court properly may exercise jurisdiction over that claim.

To the extent a prisoner challenges his conditions of confinement, however, such claims must be raised by way of a civil rights action.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).  Where a favorable outcome necessarily would imply the invalidity of the length of a prisoner's sentence, such claims do not accrue until the sanction has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477 (1994).  Thus, in this habeas action, this Court can award no relief related to those sanctions that do not affect the length of Petitioner's sentence.

B.   Petitioner's Claims

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ...  In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application."  Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a sanction,[2] "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff, 418 U.S. at 557.

Thus, a prisoner is entitled to an impartial disciplinary tribunal, Wolff, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the charge from sitting on the disciplinary body," Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and presented documentary evidence in his defense when permitting him to do so will not be unduly hazardous to

---

[2] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison. Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of their sentence based upon their conduct. See 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20.

institutional safety or correctional goals,[3] and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action.  Wolff, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings.  Id. at 569-70.  Where an illiterate inmate is involved, or the complexity of the issue makes it unlikely that the inmate involved will be able to collect and present the evidence necessary for an adequate comprehension of the case, the prisoner should be permitted to seek the aid of a fellow inmate or appropriate staff member.  Id. at 570.

Finally, due process requires that findings of a prison disciplinary official, that result in the loss of good time credits, must be supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985).[4]

---

[3] Prison officials must justify their refusal to call witnesses requested by the prisoner, but such justification need not be presented at the time of the hearing.  To the contrary, the explanation for refusal to call witnesses requested by the prisoner may be provided through court testimony if the deprivation of a liberty interest is challenged because of that claimed defect in the hearing.  See Ponte v. Real, 471 U.S. 491 (1985).  "{P]rison officials may deny a prisoner's request to call a witness in order to further prison security and correctional goals.  ... [T]he burden of persuasion as to the existence and sufficiency of such institutional concerns is borne by the prison officials, not by the prisoners."  Grandison v. Cuyler, 774 F.2d 598, 604 (3d Cir. 1985).

[4] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq.  See, e.g., 28 C.F.R.

Here, it is apparent that there was no deficiency in the procedures followed. Petitioner received advance notice of the charges, was offered a staff representative, was permitted to make a statement in his defense, and was provided a statement of the reasons for the DHO's decision.

Petitioner alleges also, however, that the circumstances of the telephone call, to which he admitted, do not amount to a prohibited act. To the contrary, Petitioner made an authorized telephone call, asked the other party to make a call to a third party while he remained on the line for the purpose of obtaining certain information, waited on the line, and received that requested information. Three parties were involved in one telephone call. Petitioner's admissions about the circumstances of the call, as well as the tape recording of the call, support the DHO's findings.

Petitioner has not established that there was any due process violation in this disciplinary proceeding.

### IV.  CONCLUSION

For the reasons set forth above, the Petition will be denied. An appropriate order follows.

s/Robert B. Kugler<br>
Robert B. Kugler<br>
United States District Judge

Dated: September 12, 2005

---

§ 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (Procedures before the Discipline Hearing Officer).